UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30065
Summary Calendar

_____

KELLY KERVIN,

Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION; JAMES SIMON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1693)

_____

January 8, 1999

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kelly Kervin appeals the adverse summary judgment in her sexual harassment action against General Motors (GM) and James Simon.

Kervin was employed not by GM, but by the local union at GM's plant. Simon was employed by GM. (Kevin does not appeal the dismissal of her claims against the local union and two of its officials.)

Of course, we review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **OHM Remediation Services v. Evans Cooperage Co., Inc.**, 116

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 1574, 1579 (5th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Kervin claims that various acts by Simon constitute sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for which GM is also responsible; that these acts violate Louisiana anti-discrimination statutes (these state law claims mirror the federal claims); and that they constitute the intentional infliction of emotional distress. Pursuant to our *de novo* review of the record and review of the briefs, we find summary judgment proper for essentially the reasons stated by the district court. *See **Kervin v. General Motors Corp., et al.***, No. 3:96-1693, slip op. (W.D.La. Dec. 16, 1997).

This decision is not affected by the intervening Supreme Court decisions in ***Burlington Industries, Inc. v. Ellerth***, 118 S.Ct. 2257 (1998), and ***Faragher v. City of Boca Raton***, 118 S.Ct. 2275 (1998). Those cases involved the scope of respondeat superior liability borne by employers for intermediate supervisor's acts, rather than the existence of an employer/employee relationship, at issue here.

***AFFIRMED***